IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NIKOLAOS LIVANOS, ET AL.,**

    Plaintiffs,

v.                                      Case No.: RWT 09cv1515

**ANGELIKI LIVANOS, ET AL.,**

    Defendants.

## MEMORANDUM OPINION

On June 9, 2009, Nikolaos Livanos, individually and as next friend (father) of E. L., a minor, and Kalli Livanos (sister of E. L.), filed a Complaint in this Court against Angeliki Livanos (the mother of E. L.), Mary Psarraki-Peterson (the mother of Angeliki Livanos), Steve Psarakis (the brother of Angeliki Livanos) (collectively the "Family Defendants"), Julie Quinn, Holly Kees, and Ella May Russell (three employees of the Department of Social Services of St. Mary's County), Daniel R. Armitage, Esq. (the county attorney), Seri A. Wilpone, Esq. (an attorney appointed by a court in a Child-In-Need-of-Assistance ("CINA") proceeding to represent the interests of E. L.), and Deputies Scott Ruest and Jason Graves of the St. Mary's County Sheriff's Department (collectively the "St. Mary's County Defendants").[1]

In an earlier proceeding in this Court,[2] the Plaintiff, Nikolaos Livanos, prevailed in a proceeding brought against the Department of Social Services and E. L. was ordered returned to the Plaintiff pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601, et seq. Apparently not satisfied with the recovery of his child, the Plaintiff's latest Complaint

---

[1] Other Defendants were sued as well, but the Complaint was dismissed as to them voluntarily.
[2] *Livanos v. Department of Social Services*, No. 8:09-cv-00702 RWT.

asserted a multitude of causes of action that were the subject of an extensive hearing on motions to dismiss held on February 26, 2010.  At the conclusion of that hearing, the Court, for reasons stated on the record (and in the motions to dismiss), dismissed with prejudice all claims made against all Defendants with the exception of Angeliki Livanos, who had previously filed an answer.

Collectively, the St. Mary's County Defendants were involved in this international custody dispute solely as a result of CINA proceedings that were initiated in accordance with Maryland law to protect the welfare of E. L.  The Court is unable to discern any colorable argument that the bringing of the action against the St. Mary's County Defendants was "warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law," nor any factual contentions that would likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b), 26(g)(1).  Indeed, the Court observed at the hearing that it was especially troubled by the chilling effect on CINA proceedings in Maryland should an action such as this be allowed to proceed against the St. Mary's County Defendants.

With regard to the Family Defendants other than Angeliki Livanos, the Court found the allegations of the Complaint to be utterly devoid of the necessary particularity that would support any cause of action.  While the Plaintiffs may have suspected that the sympathies of these Defendants were aligned with Angeliki Livanos, suspicions are not the stuff of which a complaint for damages can be made and, accordingly, the Court directed that the Complaint be dismissed as to those Defendants as well.

In attachments to the Motion to Dismiss filed on behalf of the Defendant, Steve Psarakis, it came to the Court's attention that on July 13, 2009, counsel for the Plaintiff utilized eight

subpoenas issued by this Court and served them on the Custodians of Records of the Maryland State Police, the St. Mary's County Sheriff's Office, the Department of Social Services, Child Protective Services Division of St. Mary's County, the Fairfax County Department of Family Services, and the Legal Aid Bureau, Inc., Southern Maryland Office, and the Department of Social Services for St. Mary's County, Circuit Court Judge Michael J. Stamm, and Joan W. Williams, Clerk of the Circuit Court for St. Mary's County, together with Notices of Deposition *Duces Tecum* of all the persons who were subject to the subpoena.  The purported Notices scheduled the depositions to begin on August 17, 2009 at various times.

Local Rule 104.4 of this Court specifically provides that "[u]nless otherwise ordered by the Court or agreed upon by the parties, . . . *discovery shall not commence* and disclosures need not be made *until a scheduling order is entered*." (emphasis added).  No scheduling order has ever issued in this case, and the clear and unmistakable language of Local Rule 104.4 is that no discovery should take place until all questions as to the sufficiency of the Complaint have been resolved and the case is at issue, at which time a scheduling order will be entered.  The issuance of numerous subpoenas to the assorted deponents was not only unauthorized and contrary to the Local Rules of this Court, but undoubtedly was disruptive to numerous public agencies and a Circuit Court Judge and Clerk.  In addition, the service of these subpoenas necessitated actions taken by Defendants in this case that led to the submission to this Court of a Stipulation entered on July 28, 2009, which had the effect of postponing any need for compliance with the subpoenas.

Having considered the proceedings as a whole, the Court believes for the reasons set forth above that reasonable cause exists to conclude that Rules 11(b) and 26(g)(1) of the Federal Rules of Civil Procedure have been violated by the Plaintiffs, the attorneys representing them,

and/or their law firm, and that consideration should be given to the entry of an appropriate sanction. Accordingly, by a separate Show Cause Order, the Court will direct the Plaintiffs, the law firm representing them, and the attorneys in that firm acting on behalf of the Plaintiffs, to show cause why the actions described in this Memorandum Opinion were not in violation of Rules 11(b) and 26(g)(1) and why sanctions should not be entered against them.


March 9, 2010                                        /s/
Date                                                Roger W. Titus
                                                  United States District Judge